UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-03177-CAS(JCGx) | Date | March 9, 2016 |
|---|---|---|---|
| Title | MICHAEL RYAN V. THE MITRE CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION FOR DETERMINATION OF PREVAILING PARTY (Dkt. 49, filed February 18, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 21, 2016, is hereby vacated, and the matter is hereby taken under submission.

Plaintiff Michael Ryan initiated this action on February 24, 2014 against defendants The Mitre Corporation ("Mitre") and Does 1 through 50 (collectively, "defendants"). Dkt. 1. On July 15, 2015, defendants filed a motion for summary judgment as to all claims asserted by plaintiff. Dkt. 44. Plaintiff did not file an opposition to this motion; instead, he voluntarily dismissed this action with prejudice. Dkt. 45. Defendants have now filed the instant motion requesting a determination by the Court that they are the prevailing parties in this action. Dkt. 49.[1]

In the Ninth Circuit, a voluntary dismissal with prejudice is "sufficient to confer prevailing party status on the . . . defendants for those claims." Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997) ("[B]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant in this case . . . is clearly the prevailing party on the [voluntarily] dismissed claims.") (internal quotations and citations omitted) *abrogated on other grounds by* Association of Mexican-American Educators v. State of California, 231 F.3d 572 (9th Cir. 2000); see also Kona Enters. v. Estate of Bishop, 229 F.3d 877, 889 (9th Cir.2000) ("Our circuit has similarly held that a voluntary

---

[1] The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 21, 2016, is vacated, and the matter is hereby taken under submission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03177-CAS(JCGx) | Date | March 9, 2016 |
| Title | MICHAEL RYAN V. THE MITRE CORP., ET AL. | | |

dismissal of a diversity action with prejudice is 'tantamount to a judgment on the merits' for purposes of attorneys' fees awards") (citations omitted).

Thus, courts in this circuit have routinely found that where a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. See, e.g. Holt v. Korman, 2012 WL 5829864, at *9-10 (C.D. Cal. Nov. 15, 2012) (defendants found to be prevailing parties when plaintiff voluntarily dismissed action with prejudice); see also William W. Schwarzer et al. *California Practice Guide: Federal Civil Procedure Before Trial* ¶ 16:391.5 (2006) (upon voluntary dismissal, either with or without prejudice, "[d]efendant is regarded as 'prevailing party' within the meaning of Rule 54(d) . . ."); 10 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 2667 (3d ed.1998) ("a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party").

In opposition to this motion, plaintiff's sole argument is that, because seven months have elapsed since plaintiff voluntarily dismissed this action, he will suffer prejudice if defendants are now declared the prevailing party—and thus permitted to seek the payment of costs from plaintiff. Plaintiff states that this would "unfairly disrupt [his] personal finances." Opp'n., at 3. However, plaintiff cites no authority for his position. Moreover, while defendants have only recently filed the instant motion seeking a judicial determination that they are the prevailing parties in this action, they filed an application to tax costs with the court clerk less than two weeks after plaintiff dismissed this action. See Dkt. 46. And, only a week thereafter, plaintiff filed his objections to defendant's application to tax costs. Dkt. 47. Accordingly, plaintiff has been on notice for over six months that defendants' sought to recover costs from him. The Court, therefore, rejects plaintiff's argument that he has suffered prejudice from defendants' delay in bringing the instant motion.

Accordingly, the Court **GRANTS** defendants' motion. Defendants are, hereby, declared the prevailing parties in this action.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |